NORTHERN DISTRICT OF TEXAS
FILED

JUL 2 8 2015

CLERK, U.S. DISTRICT COURT
By _____
Deputy

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

ROY COMBS, 30807-177,                    )
      **Petitioner,**                    )
                  )
v.                    )      **No. 3:14-CV-2294-L**
                  )
WILLIAM STEPHENS, Director, TDCJ-CID,    )
      **Respondent.**                    )

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

    This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court.  The Findings, Conclusions and

Recommendation of the Magistrate Judge are as follows:

**I.  Parties**

    Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional

Institutions Division (TDCJ-CID).  He brings this petition for habeas corpus relief pursuant to 28

U.S.C. § 2254.  Respondent is William Stephens, Director of TDCJ-CID.

**II.  Background**

    Petitioner challenges three convictions.  In 1991, Petitioner was convicted of voluntary

manslaughter and possession of a controlled substance.  *State of Texas v. Roy Combs*, Nos. F91-

41369-HP and F91-59467-VP (203rd Jud. Dist. Ct., Dallas County, Tex., Aug. 12, 1991).

Petitioner was sentenced to five years in prison for each offense.  He discharged both of these

sentences on March 25, 1996.  (Resp. Ex. A.)

    Petitioner also challenges his 1991 conviction for delivery of a controlled substance.

*State of Texas v. Roy Combs*, No. F91-60055-LP (203rd Jud. Dist. Ct., Dallas County, Tex. Aug. 12, 1991). On August 12, 1991, he was sentenced to fifteen years in prison. He did not file a direct appeal. Petitioner discharged this sentence on September 10, 2014. (Resp. Ex. A.)

On July 18, 2013, Petitioner filed a state habeas petition challenging his delivery of a controlled substance conviction. *Ex parte Combs*, 12,853-05. On October 9, 2013, the Texas Court of Criminal Appeals denied the petition without written order.

On June 24, 2014, Petitioner filed the instant § 2254 petition. He argues:

1.      His guilty pleas were involuntary;

2.      There was insufficient evidence to support the convictions;

3.      He was denied the right to appeal; and

4.      He received ineffective assistance of counsel.

## II.  Discussion

### A.      Custody

Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. One satisfies the "in custody" requirement, when the challenged conviction has not fully expired at the time the petitioner files a petition under § 2254. *See Carafas v. Lavallee*, 391 U.S. 234, 238 (1968). At the time he filed this petition on June 24, 2014, however, he was still in custody on that conviction. One is not "in custody" for a particular conviction when he or she "suffers no present restraint" from the challenged conviction. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves

sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.*

In this case, Petitioner has fully served his sentences in cause numbers Nos. F91-41369-HP and F91-59467-VP. Having fully served his sentences, petitioner is no longer "in custody" such that he can challenge these convictions under 28 U.S.C. § 2254. Consequently, this Court lacks habeas jurisdiction regarding these convictions.

Petitioner argues, however, that he is in custody on these convictions because the convictions caused him to be placed at a higher security level and caused his parole to be set off. In some cases, a court may construe a petitioner's challenge to an expired conviction as a challenge to the conviction for which he is still incarcerated. In *Maleng*, a petitioner purported to challenge an expired 1958 conviction that had been used to enhance his 1978 conviction. *See* 490 U.S. 488, 489-90 (1989). Despite the petitioner's express contention that he was challenging the 1958 conviction, the Supreme Court found the "in custody" requirement satisfied because it could reasonably construe the action as a challenge to the 1978 conviction as enhanced by the 1958 conviction. *See id.* at 493-94.

In this case, however, Petitioner's current conviction was not enhanced by his expired convictions. Petitioner has failed to show that the collateral consequences of his custody level and parole review are sufficient to render him "in custody" for purposes of § 2254. His claims regarding these convictions should be dismissed for lack of jurisdiction.

On September 10, 2014, Petitioner discharged his sentence in cause number F91-60055-LP. At the time he filed this petition on June 24, 2014, however, he was still in custody on that conviction. The Court therefore finds it has jurisdiction to consider Petitioner's claims regarding this conviction. *See Carafas*, 391 U.S. at 238.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -3-

**B.      Statute of Limitations**

Petitioner's conviction in F91-60055-LP is barred by the statute of limitations.  Petitioner

filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA).  Therefore, the AEDPA governs the present petition.  *See*

*Lindh v. Murphy*, 521 U.S. 320 (1997).  The AEDPA establishes a one-year statute of limitations

for federal habeas proceedings.  *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-

132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after

direct appeal or the time for seeking such review has expired.  *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1]The statute provides that the limitations period shall run from the latest of--

> (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner was convicted on August 12, 1991. He did not appeal his conviction. His conviction therefore became final thirty days later on September 11, 1991. *See* Tex. R. App. P. 26.2; *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues).

Petitioner's limitation-commencing event occurred prior to the enactment of the AEDPA. Petitioner is therefore entitled to a period of one-year from the AEDPA's April 24, 1996, effective date to file his federal petition. *See Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998). Thus, Petitioner was required to file his § 2254 petition on or before April 24, 1997, to avoid being time-barred.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Petitioner, however, did not file his state habeas petition until after the AEDPA limitations period expired. The petition therefore did not toll the limitations period.

Petitioner was required to file his federal habeas petition by April 24, 1997. He did not file his petition until June 24, 2015. His petition is therefore untimely.

## C.   Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of

action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner has made no argument that he is entitled to equitable tolling. Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

## III.    Recommendation

The Court recommends that Petitioner's claims regarding his convictions in cause numbers F91-41369-HP and F91-59467-VP be dismissed for lack of jurisdiction, and that Petitioners claims regarding his conviction in cause number F91-60055-LP be dismissed with prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed this ___ day of _____, 2015.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within fourteen days after being served with a copy.  A party filing objections must specifically identify those findings and recommendations to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).