IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ROY COMBS, 30807-177,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:14-CV-2294-L** |
| | § | |
| **WILLIAMS STEPHENS, Director** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institution Division,** | § | |
| | § | |
| Respondent. | § | |

# ORDER

On July 28, 2015, Magistrate Judge Paul D. Stickney entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") recommending that Petitioner's habeas claims regarding his conviction in cause numbers F91-41369-HP and F91-59467-VP be dismissed for lack of jurisdiction, and Petitioner's habeas claims regarding his conviction under cause number F91-60055-LP be dismissed with prejudice as barred by the one-year statute of limitations. The Report notes that Petitioner presented no argument regarding equitable tolling. Petitioner filed objections to the Report. Petitioner also contends that he is entitled to equitable tolling.

After considering the motion, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, **accepts** them as those of the court, and **overrules** Petitioner's objections. Petitioner's claims regarding his conviction in cause numbers F91-41369-HP and F91-59467-VP are **dismissed without prejudice** for lack of jurisdiction, and

Petitioner's claims regarding his conviction under cause number F91-60055-LP are **dismissed with prejudice** as barred by the one-year statute of limitations.

The court further concludes that Petitioner has not met his burden of establishing that he is entitled to equitable tolling. Petitioner contends in his objections that his appointed attorney was not willing to assist him in appealing his 1991 conviction but fails to explain the substantial delay and how this prevented him from filing timely a habeas action. Further, Petitioner's contentions regarding the racial history in the Dallas County courts and clerk's office is conclusory, unsubstantiated, and likewise insufficient to show that he was misled in some manner or prevented in some extraordinary way from timely asserting his rights in a habeas action.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[1] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a)**   **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    **(b)**   **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

    **It is so ordered** this 5th day of October, 2015.

                                           Sam A. Lindsay
                                           United States District Judge